IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re the Matter of:*

PAMELA ANDREWS, *Petitioner/Appellee,*

*v.*

SCOTT ANDREWS, *Respondent/Appellant.*

No. 1 CA-CV 20-0605 FC
FILED 12-14-2021

Appeal from the Superior Court in Maricopa County
No. FN2019-050941
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED IN PART**

COUNSEL

Jeffrey M. Proper PLLC, Phoenix
By Jeffrey M. Proper
*Counsel for Petitioner/Appellee*

Davis Miles McGuire Gardner PLLC, Tempe
By Spencer T. Schiefer
*Counsel for Respondent/Appellant*

---

**OPINION**

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

¶1        Scott Andrews ("Husband") appeals from a dissolution decree awarding Pamela Andrews ("Wife") spousal maintenance, characterizing accumulated vacation pay as community property to be divided equally, and denying his claim for reimbursement for home loan and other expenses he paid during the dissolution proceedings.

¶2        We hold that the superior court acted within its discretion in awarding spousal maintenance, but that it lacked sufficient evidence to characterize the accumulated vacation pay as community or separate property and improperly ignored evidence that Husband made loan payments on the marital property.  Accordingly, we (1) affirm the spousal maintenance award; (2) reverse and remand so that the superior court can determine whether the accumulated vacation pay was reimbursable (and therefore community property) or not reimbursable (and therefore separate property); and (3) reverse and remand so that the court can consider the evidence that Husband made loan payments for the marital property.

## FACTS AND PROCEDURAL HISTORY

¶3        Wife and Husband married in 1991.  Throughout the marriage, the parties worked for American Airlines: Husband as a pilot and Wife as a flight attendant.

¶4        In 2019, Wife petitioned for dissolution.  Because she was then recovering from a work-related injury and not working, she sought temporary spousal maintenance.  The superior court ordered Husband to pay temporary spousal maintenance of $2,200 per month, plus the loan and other expenses related to the couple's marital and rental residences and minimum community credit card payments.  The court later reduced the temporary spousal maintenance to $1,200 per month after Wife returned to work and, by virtue of the parties' agreements under ARFLP 69 to divide certain assets, became able to access without penalty half of $1.3 million in retirement benefits.

**¶5** The matter proceeded to trial regarding issues not resolved by the parties' agreements, including spousal maintenance, the community- or separate-property classification of the parties' accumulated vacation time, and Husband's entitlement to reimbursement for community expenses he paid after the petition for dissolution was served.

**¶6** Regarding spousal maintenance, the superior court concluded in the dissolution decree that Wife was entitled to maintenance of $5,000 per month for an indefinite term. Regarding accumulated vacation pay, the court concluded that such pay accumulated during the community was community property, but found that Husband had willfully failed to disclose necessary valuation information and ordered the parties to exchange valuation documents to enable an equal division of the vacation pay. Regarding Husband's reimbursement claim, the court concluded that Husband had failed to provide evidence supporting his claim. The court awarded attorney's fees and costs to Wife, and denied Husband's motion to amend the decree. Husband appeals.

## DISCUSSION

I. THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION WITH RESPECT TO THE SPOUSAL MAINTENANCE AWARD.

**¶7** Husband contends that the superior court abused its discretion by awarding spousal maintenance in the amount of $5,000 per month because the evidence did not establish that health conditions beyond Wife's control precluded her from working full-time and because her claimed expenses were not reasonable. We review a spousal maintenance award for an abuse of discretion and will affirm if any reasonable evidence supports it. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014). We do not reweigh the evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). We defer to the superior court's credibility determinations and will affirm the court's ruling if it is supported by substantial evidence — even if conflicting evidence also exists. *Id.*

**¶8** We hold that the court did not abuse its discretion in determining the amount of the maintenance award. The amount of spousal maintenance is determined based on multiple factors, including the age of the spouse seeking maintenance, the marital standard of living, the length of the marriage, the ability of the spouse from whom maintenance is sought to meet his or her own needs while paying maintenance, and the spouses' comparative financial resources, including their comparative earning

abilities.  A.R.S. § 25-319(B).  Husband challenges only two factors: Wife's earning ability and her expenses.

¶9          Reasonable evidence supported the conclusion that part-time work was more appropriate for Wife than full-time work.  Wife testified that full-time work exacerbated her asthma and other respiratory and medical conditions, which had caused her to miss a significant amount of work. She testified that since she started a part-time work schedule in 2014, her symptoms decreased.  Wife's doctor stated that Wife had fewer asthma-related office visits when she was off work recovering from a work-related injury, and he opined that she might benefit from a less intensive work schedule.  Husband contends that the superior court ignored evidence that Wife's conduct contributed to her health problems and inability to work full-time. Wife admitted to having dogs, vaping, and occasionally smoking. Her doctor opined that smoking and having pets can exacerbate breathing problems.  But he also noted that eliminating smoking and pets does not always alleviate significant asthma.  And, as the court found, Wife also had non-respiratory medical issues—namely, diabetes, high blood pressure, and a history of shoulder and elbow surgeries.

¶10          Regarding Wife's expenses, Husband challenges only three of the expenses identified in Wife's 2020 financial affidavit, which claimed total monthly expenses of approximately $8,200. First, Husband challenges the financial affidavit's statement that Wife's health insurance cost $427 per month.  He contends that it cost $340 per month.  This argument fails because the court specifically adopted the $340 figure.  Next, Husband contends that Wife's home loan obligation would be reduced when she refinanced as ordered by the court.  He suggests that she could obtain a lower interest rate and could significantly mitigate her payments by using the funds she received in the dissolution to pay down the loan balance.  But other than Husband's speculative testimony, there was no evidence supporting his assertion that Wife's refinanced loan payments would be significantly lower.  Finally, Husband contends that Wife unreasonably contributed $150 per month to her mother.  But even if Husband were correct regarding this small amount, that error would not significantly alter Wife's monthly expenses, on top of which the court ordered her to pay approximately $8,000 in community credit card debts.  And in contrast to her significant monthly expenses, the evidence showed that Wife's monthly gross income was approximately $3,000 and that she could expect to earn approximately $600 per month in interest from the equally divided retirement accounts.

¶11     Husband's challenges to the spousal maintenance award fail to establish an abuse of discretion by the superior court. We therefore affirm the award.

II.     THE EVIDENCE WAS INSUFFICIENT TO PERMIT THE SUPERIOR COURT TO DETERMINE WHETHER ACCUMULATED VACATION PAY CONSTITUTED COMMUNITY OR SEPARATE PROPERTY.

¶12     Husband contends that the superior court committed legal error by concluding that the parties' accumulated vacation pay was a divisible community asset.[1] Whether a benefit is community or separate property is a mixed question of law and fact that we review de novo. *Sebestyen v. Sebestyen*, 250 Ariz. 537, 540, ¶ 9 (App. 2021).

¶13     Property earned through a spouse's labor during a marriage is community property—even if the property is not received until after the community ends. *Id.* at ¶ 10; *see, e.g., Koelsch v. Koelsch*, 148 Ariz. 176, 181 (1986) ("[P]ension plans are a form of deferred compensation to employees for services rendered, and any portion of the plan earned during marriage is community property."). Deferred compensation such as vested or non-vested pension rights therefore are community property if earned during the marriage. *See Koelsch*, 148 Ariz. at 181; *Brebaugh v. Deane*, 211 Ariz. 95, 98, ¶ 8 (App. 2005).

¶14     Because Arizona courts had not yet resolved the issue of whether accumulated paid leave constitutes deferred compensation, the superior court followed *In re Marriage of Moore*, 171 Cal. Rptr. 3d 762, 770–71 (Cal. Ct. App. 2014), which held that a spouse's accrued vacation time is community property if it can be cashed in at retirement. Similarly, *In re Marriage of Cardona & Castro*, 316 P.3d 626, 634, ¶¶ 29–30 (Colo. 2014), held that accrued leave constitutes community property when the employee spouse has an enforceable right to be paid for it. As *Cardona* noted, "whether courts treat a spouse's accrued leave as marital property

---

[1]     We note that though the parties disputed the classification of both accumulated vacation pay and accumulated sick pay at trial, Husband was not aggrieved by the superior court's ruling that the sick pay was not divisible, and Wife did not cross-appeal. We therefore do not address the sick-pay ruling. *See Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 221 Ariz. 104, 108, ¶ 7 (App. 2009) (holding that to obtain appellate review, "the litigant must be an 'aggrieved party' with standing to appeal" (citing ARCAP 1(d)); ARCAP 9(b) (providing for cross-appeals).

generally depends on whether the court conceives of such leave as an alternative form of wages, or instead as a form of deferred compensation for services performed." *Id.* at 631, ¶ 15. In the former cases, the courts view accrued leave as indeterminate, speculative future-wage-replacement, so that leave used after the marriage is the employee spouse's separate property. *Id.* at ¶¶ 16–17.

**¶15** Husband contends that because he can only use the accrued vacation time after the date of service, it should be treated as separate property, in the same way that we treated post-community disability benefit payments as separate property in *Helland*, 236 Ariz. at 199–200, ¶ 10. In *Helland*, the parties purchased a disability insurance policy during the marriage using community funds. *Id.* at 199, ¶ 2. The husband later became unable to work and began receiving disability payments. *Id.* We held that the superior court properly classified the post-community payments as the husband's separate property. *Id.* at 199–201, ¶¶ 9–15. Significantly, we reasoned that the disability policy was "not an annuity or other investment with an expected rate of return, as disability benefits are paid only under certain conditions and are contingent upon the insured's ongoing disability"—and so "the community did not acquire a right to future disability benefits payments when it purchased the policy." *Id.* at 200, ¶ 12.

**¶16** Consistent with *Helland*, and also with *Moore* and *Cardona*, we hold that the accrued vacation pay constituted community property if it was reimbursable (making it a form of deferred compensation). But if the vacation pay was not reimbursable (making it merely a form of replacement wages that could be used during or after the marriage), then it constituted the employee spouse's separate property. On this record, we cannot say which classification applies because no evidence was presented regarding whether the pay was reimbursable. We therefore must reverse and remand so that the superior court may receive the evidence necessary to permit it to classify the accumulated vacation pay, and to equitably divide it if appropriate.

III.   THE SUPERIOR COURT ABUSED ITS DISCRETION BY DENYING HUSBAND'S REIMBURSEMENT CLAIM AS TO LOAN PAYMENTS HE MADE ON THE MARITAL RESIDENCE.

**¶17** Throughout the litigation, Husband paid the mortgages, utilities, cable, and lawn service for the marital residence; the mortgage on the community's rental property; and the minimum payments on unspecified "community debts" as ordered by the court. The court denied Husband's request to be reimbursed for these payments because it

concluded that he failed to disclose credible evidence to support his claim. Husband contends that this was error based on Wife's admissions.

¶18 The superior court has broad discretion in apportioning community property and debts to achieve an equitable division, and we will not disturb its allocation absent an abuse of discretion. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). We consider the evidence in the light most favorable to upholding the superior court's ruling and will affirm that ruling if the evidence reasonably supports it. *Id.*

¶19 When a divorcing spouse pays community obligations after a petition for dissolution is filed, the matrimonial presumption of a gift does not apply. *Bobrow v. Bobrow*, 241 Ariz. 592, 594, ¶ 1 (App. 2017). "A spouse who voluntarily services community debt and maintains community assets with separate property should not be penalized when a mutual agreement cannot be reached. When such payments are made, they must be accounted for in an equitable property distribution." *Id.* at 596, ¶ 19 (footnote omitted). Husband had the burden of proving the amount of his reimbursement claim. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992) ("The party who asserts a fact has the burden to establish that fact.").

¶20 Here, Husband paid community obligations pursuant to temporary orders that expressly noted he might be entitled to "equalization upon entry of the final decree as a result of his interim payment[s]." But though Husband offered an exhibit summarizing the expenses he claimed to have paid, he did not disclose the statements, bills, or other documentation upon which the summary was based, so the court excluded the summary. Husband does not challenge the exclusion of the summary.

¶21 Wife testified, however, that Husband had been making loan payments on the marital residence, and had been paying at least some of the other expenses on the residences:

> Q. You do agree that he's been paying the first and second mortgage on the Barkley residence?
>
> A. As ordered by the Court, yes.
>
> Q. As well as the SRP bill on the mortgage--Barkley--residence?
>
> A. Yes.
>
> Q. And the Mesa utility bills?

7

A. that was all part of the community –-

Q. Okay.

A. -- debt that he was ordered to pay as part of the spousal maintenance, yes.

Wife further testified that though she had no knowledge regarding whether Husband had missed any payments, she had received no foreclosure notices and the utilities had not been shut off. She also identified specific — albeit varying — loan-payment amounts for the marital residence in the two affidavits of financial information she filed in the case. By contrast, she provided only estimates for the other expenses Husband allegedly paid.

¶22　　　　On this record, we conclude that Husband failed to meet his burden of proof to show the amounts he paid on the non-mortgage expenses and the rental-residence mortgage. But in view of Wife's testimony and affidavit statements regarding the marital-residence mortgages, we hold that a preponderance of the evidence established that Husband made payments somewhere within the range of the amounts identified by Wife. We hold that the superior court abused its discretion by disregarding that evidence. We therefore reverse and remand so that the court may consider Husband's reimbursement claim regarding the marital-residence mortgage payments only.

**CONCLUSION**

¶23　　　　We affirm the award of spousal maintenance. We reverse and remand with respect to the superior court's classification of the accumulated vacation pay and with respect to the court's failure to consider evidence that Husband made loan payments on the marital residence. In exercise of our discretion, we deny the parties' competing requests for attorney's fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:　　AA

8