NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Marriage of:

TONYA RENEE HARRIS,
*Petitioner/Appellee,*

*v.*

STEVEN ROBERT BEHNKE,
*Respondent/Appellant.*

No. 1 CA-CV 21-0459 FC

FILED 8-11-2022

Appeal from the Superior Court in Maricopa County
No.  FC2018-094094
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Law Office of Ronald L. Kossack, Tempe
By Ronald L. Kossack, Karla D Urrea-Perry
*Counsel for Petitioner/Appellee*

Steven Robert Behnke, Mesa
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

**W E I N Z W E I G**, Judge:

¶1          Appellant Steven Robert Behnke ("Father") challenges the superior court's ruling on his post-decree petition to modify spousal maintenance and child support.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Tonya Harris ("Mother") and Father were married from 1995 to 2020.  They share eleven children, including ten minors.  At the time of dissolution, Father owned a landscaping business and Mother worked part-time as a substitute teacher.  The parties agreed on parenting time and child support issues, but could not agree on spousal maintenance.  After a bench trial, the superior court entered a dissolution decree, designating Father as the primary residential parent for six of the children, granting equal parenting time over four of the children, and awarding Mother $2,000 in monthly spousal maintenance for five years.  The court awarded no child support under the parties' agreement, even though Father could have received $394 per month under the Arizona Child Support Guidelines ("Guidelines").

¶3          Over the next eight months, Mother and Father separately petitioned the court for relief.  Mother reported that Father had not paid spousal maintenance since the court entered the dissolution decree, so she asked the court to enforce the decree.  Father asked the court to reduce or terminate his spousal maintenance obligation, citing a "significant loss of income" from "the COVID 19 pandemic."  He also asked that Mother be ordered to pay $693.14 in monthly child support.

¶4          After an evidentiary hearing, the superior court awarded Father $604 in monthly child support, finding a substantial and continuing change of circumstances in the child support obligation based on "all of the credible evidence presented at trial," including Father's increased parenting time.  The court declined, however, to modify Father's spousal maintenance obligation, finding Father had "failed to show a substantial and continuing change of the financial circumstances" to meet his burden

of proof. The court also found that Father's failure to pay spousal maintenance was unreasonable, and thus awarded Mother's attorney fees and costs under A.R.S. § 25-324(A). Father timely appealed. We have jurisdiction. *See* A.R.S. § 12–120.21(A)(1).

## DISCUSSION

### I. Spousal Maintenance

**¶5** Spousal maintenance "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). The party who requests a modification must show changed circumstances. *McClendon v. McClendon*, 243 Ariz. 399, 401, ¶ 9 (App. 2017). We review a spousal maintenance award for an abuse of discretion and will affirm if any reasonable evidence supports it. *See Andrews v. Andrews*, 252 Ariz. 415, 417, ¶ 7 (App. 2021).

**¶6** Father contends the superior court erroneously declined to terminate his spousal maintenance obligation for three reasons. First, he argues that spousal maintenance was no longer appropriate because the pandemic had caused his residential landscaping business to lose "at least 65% from the date of the initial decree."

**¶7** The record shows no abuse of discretion. Father presented three years of corporate tax returns and correspondence from two clients that terminated his services. On cross-examination, however, Father conceded that he told his accountant how much the business had lost, and the accountant just accepted and recorded his version of the data. Father conceded he had no other evidence, such as bank records, to prove the loss. Nor did Father explain or present evidence on how two clients caused the loss or why he could not find new clients. The superior court also determined that Father was not credible, which we do not second-guess on appeal. *See Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018) ("[W]e must give due regard to the trial court's opportunity to judge the credibility of the witnesses.") (citation omitted).

**¶8** Second, Father contends the court erroneously refused to increase Mother's income based on "substantial and continuing gifts" she received from her family. The record shows no abuse of discretion. Mother offered her sworn testimony that she only received loans from her family, not gifts. Father offered no evidence to rebut that sworn testimony.

**¶9** Third, Father argues the court erred by "accepting a substantial and continuing change" in modifying child support "but failing

to apply the same standard to reduce or terminat[e] Spousal Maintenance." Not so. Father confuses two distinct inquiries. Child support and spousal maintenance are "considered under different laws" and "involve distinct considerations." *Birnstihl v. Birnstihl*, 243 Ariz. 588, 593, ¶ 18 n.2 (App. 2018) (citations omitted). As relevant here, the Guidelines do not cover spousal maintenance. *Id.*

## II.   Child Support

**¶10**         Father also contends "a new child support order should be completed," but the superior court modified the child support order in Father's favor, awarding him $604 per month. Father offers no argument on how this was an abuse of discretion, and thus waived the issue. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient.").

## III.   Civil Arrest Warrant

**¶11**         After briefing was complete on appeal, the superior court issued a civil arrest warrant against Father for his continued failure to pay spousal maintenance. Father now asks this court to stay enforcement of the arrest warrant. *See* ARCAP 7(c). We decline to consider Father's motion, however, because did not ask the superior court for relief. *See Maria v. Najera*, 222 Ariz. 306, 307, ¶ 5 (App. 2009).

## IV.   Attorney Fees and Costs on Appeal

**¶12**         Both parties request their attorney fees and costs incurred on appeal under A.R.S. § 25-324(A), which requires us to consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Having considered these factors, we award Mother reasonable attorney fees and taxable costs incurred on appeal upon compliance with ARCAP 21.

### CONCLUSION

**¶13**         We affirm.

