NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CODY G. CASTRO, *Petitioner/Appellee,*

*v.*

EMILY G. CARTTER, *Respondent/Appellant.*

No. 1 CA-CV 22-0400 FC
FILED 2-7-2023

Appeal from the Superior Court in Coconino County
No.  S0300PO202100065
The Honorable Fanny G. Steinlage, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Aspey, Watkins & Diesel, PLLC, Flagstaff
By Michael J. Wozniak
*Counsel for Respondent/Appellant*

Flagstaff Law Group, Flagstaff
By Rose Winkeler
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1 Emily Cartter (Mother) appeals from an order of protection, entered after an evidentiary hearing, prohibiting her from having contact with Cody Castro (Father) and severely restricting her contact with their two-year old child. Because Mother has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 Mother and Father are involved in custody proceedings in family court, with Father filing a petition for an order of protection in November 2021. The petition, verified by Father under penalty of perjury, identified numerous instances in 2021 where Mother allegedly had attempted to harm Father, and that implicated the safety of their child. The petition acknowledged many allegations were based on Father's conversation earlier in November 2021 with Archie Pacheco, Mother's ex-boyfriend. The petition requested an order of protection prohibiting Mother from having contact with Father and with the child as a protected person.

¶3 After an ex parte hearing, the superior court issued the requested order of protection. Finding reasonable cause to believe that Mother had committed an act of domestic violence within the past year, the order prohibited Mother from having any contact with Father or the child, except through attorneys, legal process and court hearings, and that she may communicate with Father electronically regarding legal decision making for the child. Mother was also prohibited from going to Father's workplace or residence.

¶4	Mother, through counsel, timely requested a contested evidentiary hearing. *See* Ariz. R. Prot. Order P. 38(a) (2023).[1] At the evidentiary hearing spanning parts of three days and ending in February 2022, the court received exhibits, heard testimony from Pacheco, Father and Mother, and heard argument.

¶5	After weighing and assessing credibility and conflicting evidence, the court found Father proved by a preponderance of the evidence that Mother committed an act of domestic violence. In detailed findings made from the bench, the court found Father proved that Mother placed nails in her driveway and that, on August 11, 2021, those nails caused one of Father's tires to go flat when he was returning the child to Mother. The court found Mother committed two types of criminal damage (domestic violence), A.R.S. § 13-1602(A)(1) & (2); endangerment (domestic violence), A.R.S. § 13-1201(A), and conspiracy (with her mother) to commit those offenses, A.R.S. § 13-1003(A).

¶6	The evidence showed that it takes Father about 30 minutes to drive from his home to where Mother lives, including interstate travel at up to 75 miles per hour. As a result, the court found, Mother created a substantial risk of imminent death or physical injury when she damaged Father's tires. Given that the travel involved parenting time exchanges, the court also found the child was endangered by Mother's actions.

¶7	The court then addressed whether the child may be harmed if Mother was permitted to maintain contact with the child and whether the child may be endangered if Mother had contact outside the presence of Father. *See* Ariz. R. Prot. Order P. (Rule) 35(b). The court found the child "may be harmed" if Mother was permitted to maintain contact, given her actions causing a danger of harm to both Father and the child and Mother's reckless disregard for the child's safety. For similar reasons, the court found that the child may be endangered if Mother had contact with the child outside of Father's presence.

¶8	Although finding that Father had not proven other misconduct alleged in the petition, the court upheld the order of protection. The court, however, modified the prohibitions to allow Mother to have video conference visits with the child, three times a week for no more than

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

10 minutes each, and deleting the prohibition of Mother going to Father's workplace.

**¶9**          This court has jurisdiction over Mother's timely appeal from the order of protection under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(5)(b) and Ariz. R. Protective Order P. 42(a)(2).

## DISCUSSION

**¶10**          Mother does not challenge the order of protection to the extent that it prohibits her from having contact with Father. Accordingly, that portion of the order remains in place. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007). Mother does, however, challenge the restriction of her contact with the child, claiming the court erred in (1) finding that the child may be harmed if Mother is permitted to have contact with child and that the child may be endangered if Mother has contact outside the presence of Father and (2) limiting Mother's contact with the child to three 10 minute video calls per week when less restrictive options were available under A.R.S. § 25-403.03(F). The grant of an order of protection is reviewed for an abuse of discretion. *See Savord v. Morton*, 235 Ariz. 256, 259 ¶ 10 (App. 2014). A trial court abuses its discretion when the record is "devoid of competent evidence to support the decision." *Michaelson v. Garr*, 234 Ariz. 542, 544 ¶ 5 (App. 2014) (citation omitted).

## I.     Mother Has Failed to Show the Court Abused Its Discretion in Addressing Harm to the Child.

**¶11**          Mother argues that the superior court failed to find that there was "reasonable cause to believe" that "physical harm may result . . . to the child." Ariz. R. Prot. Order P. 5(b)(1). The court, however, concluded that Mother damaging Father's tires, in a vehicle used to transport the young child, "endangered" the child. Because the evidence supports that conclusion, Mother has shown no abuse of discretion. *See Michaelson*, 234 Ariz. at 544 ¶ 5.

**¶12**          As Mother also correctly notes, the superior court must consider "whether the child may be harmed" if Mother is permitted to maintain contact with the child and "whether the child may be endangered if there is contact outside the presence of" Father. *See* Ariz. R. Prot. Order P. 35(b). In addressing these inquiries, the superior court found:

> When someone has engaged in this level
> of reckless disregard for the safety of a child
> who would be traveling at that rate of speed in

> a vehicle, the Court definitely finds there's a preponderance of the evidence the child may be harmed if permitted to maintain contact with the [Mother].

The court found these same facts showed Mother's "disregard for the safety of a child" and supported a "find[ing] that the child may be endangered if there is contact outside the presence of" Father. Because the evidence supports these conclusions, Mother has shown no abuse of discretion. *See Michaelson*, 234 Ariz. at 544 ¶ 5.

**¶13**        In arguing to the contrary, Mother relies on three unpublished decisions, none of which are binding and all of which are distinguishable. *Amrhein v. McClellan*, does not, as Mother asserts, require specific "findings regarding Rule 5(b)(1) factors" but, instead, vacated a protective order where "there was no evidence presented at the hearing that the children were subject to physical harm or that the acts of domestic violence . . . involved the children." 2 CA-CV 2019-0128, 2020 WL 4931690, at *3 ¶ 15 (Ariz. App. Aug. 21, 2020). As noted above, the evidence presented in this case did show the domestic violence involved the child. *Savoca v. Savoca* vacated a protective order because "the court erred" when it "did not consider the two factors included in Rule 35(b)." 1 CA-CV 18-0366 FC, 2019 WL 664479, at *2 ¶ 11 (Ariz. App. Feb. 19, 2019). In this case, by contrast, the superior court discussed the Rule 35(b) factors in detail. And *Aragon v. Eulate* vacated an order of protection precluding Father's contact with a child, where there was no finding of domestic violence against the child or any determination that there was reasonable cause to believe that the child was at risk. 1 CA-CV 18-0742 FC, 2019 WL 4794623, at *2 ¶ 6 (Ariz. App. Oct. 1, 2019). Here, unlike in *Aragon*, the court found Mother's domestic violence provided reasonable cause to believe the child was at risk and showed her reckless disregard for the child's safety.

**¶14**        Much of Mother's remaining argument is based on the thought that the superior court could have assessed credibility differently or could have construed conflicting evidence differently. Contrary to Mother's argument, however, this court "do[es] not reweigh the evidence on appeal. We defer to the superior court's credibility determinations." *Andrews v. Andrews*, 252 Ariz. 415, 417 ¶ 7 (App. 2021) (citing *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009)).

¶15 Finally, Mother argues the order of protection was improper because, on August 11, 2021, Father was returning the child to Mother's home, rather than picking up the child, meaning Mother's domestic violence offenses did not show any "intent" to harm the child. Under Arizona law, intent is a question of fact for the finder of fact to resolve. *See Eng v. Stein*, 123 Ariz. 343, 347 (1979); *State v. Quatsling*, 24 Ariz. App. 105, 108 (1975) ("The existence of intent is one of the questions of fact for the jury's [or finder of fact's] determination."). Here, the superior court properly could find that the evidence showed the requisite intent.

## II. Mother Has Failed to Show the Court Erred in Restricting Her Contact with the Child.

¶16 Citing a Comment to Rule 35 and distinguishable unpublished decisions, Mother argues the superior court erred in restricting her contact with the child to three 10 minute video calls per week when less restrictive options were available under A.R.S. § 25-403.03(F). Although the restrictions in the order of protection are significant, Mother has not shown that the court erred in "refer[ing] to the options in A.R.S. § 25-403.03(F)." Ariz. R. Prot. Order P. 35(b)(1) Comment.

¶17 As directed by that statute, "[i]f the court finds that a parent has committed an act of domestic violence, that parent has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). The record reveals no showing by Mother that she met her burden on this point. In fact, Mother never mentioned Section 25-403.03(F), or the factors included in that statute, in argument to the superior court. Accordingly, Mother waived any argument that the court failed to properly apply that statute. *See Foor v. Smith*, 243 Ariz. 594, 597 ¶ 11 (App. 2018).

¶18 Apart from waiver, the superior court expressly found that the child may be harmed if Mother continued to have contact and that the child may be endangered by contact with Mother outside of the presence of Father. These findings, which are supported by the evidence, negate any suggestion that Mother discharged her burden "of proving . . . that parenting time will not endanger the child" under A.R.S. § 25-403.03(F). Accordingly, the court had no occasion to consider "the options in A.R.S. § 25.403.03(F)." Ariz. R. Prot. Order P. 35(b)(1) Comment.

¶19    The two unpublished decisions Mother cites are distinguishable. In vacating an order of protection that did not address the two Rule 35(b) factors, *Savoca v. Savoca* stated in a footnote that "[a]lthough not directly implicated in this appeal, the options and considerations under A.R.S. § 25-403.03 will have 'primacy' on remand." 2019 WL 664479, at *3 ¶ 14 n.1. That suggestion does not, somehow, show that the order of protection in this case was error. *Aragon v. Eulate* involved no finding of domestic violence against the child or any determination that there was reasonable cause to believe that the child was at risk, where the options in Section 25-403.03(F) might provide guidance. 2019 WL 4794623, at *2 ¶¶ 6-7. In this case, by contrast, the court found reasonable cause to believe the child was at risk and that Mother's domestic violence showed a reckless disregard for the child's safety. On this record, Mother failed to show the court erred in restricting her contact with the child.

## CONCLUSION

¶20    The order of protection is affirmed. On the record presented and in the court's discretion, Father's request for an award of attorneys' fees under A.R.S. § 13-3602(T) is denied. *See also* Ariz. R. Prot. Order P. 39. Father is, however, awarded his taxable costs on appeal contingent upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA