NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DOROTHY DOUCET, *Petitioner/Appellee*,

*v.*

MARK DOUCET, *Respondent/Appellant.*

No. 1 CA-CV 23-0161 FC
FILED 4-23-2024

Appeal from the Superior Court in Maricopa County
No. FN2021-092147
No. FN2021-092256
(Consolidated)
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Dorothy Doucet, Gilbert
*Petitioner/Appellee*

Georgini Law Offices, L.L.C., Casa Grande
By Tresa S. Georgini
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1 The decree that dissolved the marriage of Mark Doucet ("Husband") and Dorothy Doucet ("Wife") awarded each party one-half of the equity in a Toyota 4Runner and a Ford F-350. Husband appeals from that provision of the decree, arguing that those vehicles were not community property. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 The parties were married in December 2018. They did not maintain any joint bank accounts.

¶3 The parties purchased the 4Runner in May 2019, with each party contributing to the roughly $16,000 down payment. Husband contributed by trading in a 2014 Chevrolet Suburban, worth approximately $13,000, that he purchased before the marriage. Wife contributed $3,000 in cash. Husband's name alone was on the title to the 4Runner, and he made the monthly loan payments using his earnings from employment. At the dissolution trial, Wife testified that the 4Runner had a value of $38,198, which Husband did not dispute.

¶4 Wife testified that the parties purchased the F-350 during the marriage, that they purchased it for cash, and that it had a value of $14,946. She further testified that the F-350 was titled in both her name and that of Mason Medic, a business that Husband owned before the marriage. At trial, Husband did not dispute Wife's testimony about the value of the F-350 or when it was purchased. He referred to the F-350 as "Mason Medic property" but did not deny Wife's assertion that her name was also on the title.

¶5 Wife asserted that both vehicles belonged to the marital community and should be divided equally. When asked by his counsel if he "believe[s] that all the vehicles" that were discussed at trial "are community property," Husband denied that the 4Runner was community property but admitted, "Everything else was purchased together."

2

Although he denied that the 4Runner was community property, he acknowledged that Wife "might have a claim" to it because he made the monthly payments using community property in the form of his employment earnings.

¶6            After trial, the superior court issued its decree in which, *inter alia*, it found that the F-350 had a value of $14,946 and the 4Runner had a net value, after deducting the balance of the outstanding vehicle loan, of $26,075. Implicitly finding both vehicles to be community property, the court awarded both to Husband but awarded Wife one-half of their value, for a total of $20,511.

¶7            Husband timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8            We view the facts in the light most favorable to upholding the dissolution decree. *In re Marriage of Foster*, 240 Ariz. 99, 100, ¶ 2 (App. 2016). We review the court's distribution of property for an abuse of discretion, but its classification of property as separate or community is a question of law that we review *de novo*. *See Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

¶9            The character of property as separate or community is established at the time of its acquisition and can only be changed by operation of law or agreement. *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979). Property acquired during the marriage is presumed to be community property. *Foster*, 240 Ariz. at 101, ¶ 9; *see also* A.R.S. § 25-211(A). The presumption is a "strong" one, and the party challenging it bears "the burden of establishing the separate character of the property" acquired during the marriage by clear and convincing evidence. *Foster*, 240 Ariz. at 101, ¶ 9 (citation omitted).

## I.      Toyota 4Runner

¶10            Husband argues that the court abused its discretion by awarding Wife one-half of the value of the 4Runner because, he contends, it was his sole and separate property. He acknowledges that the 4Runner was purchased during the marriage but argues that he rebutted the presumption that it was community property by presenting evidence that he applied the trade-in value of his separate property, the 2014 Chevrolet Suburban, to the 4Runner's purchase price. He acknowledges Wife's contribution of her separate funds toward the down payment but asserts

that her contribution entitles her to nothing more than an equitable lien calculated under *Drahos v. Rens*, 149 Ariz. 248 (App. 1985).

¶11        Because the 4Runner was purchased during the marriage, it is presumptively community property. *See* A.R.S. § 25-211(A); *see also Foster*, 240 Ariz. at 101, ¶ 9. Although Husband presented evidence that he contributed $13,000 in separate funds toward the down payment, record evidence also shows that Wife contributed $3,000 of her separate funds and that the monthly payments were made with community property in the form of Husband's employment earnings. *See Andrews v. Andrews*, 252 Ariz. 415, 418, ¶ 13 (App. 2021) ("Property earned through a spouse's labor during a marriage is community property . . . .").

¶12        In *Flynn v. Allender*, 75 Ariz. 322 (1953), the Arizona Supreme Court held that a vehicle purchased during the parties' marriage was the husband's separate property because he paid the down payment by trading in his separate vehicle with a value of approximately $1,000. *Id.* at 324-25. The *Flynn* court acknowledged that the marital community made a contribution of $18 toward the down payment but held that this amount was too "insignificant" to change the character of the vehicle from separate to community. *Id.* at 325.

¶13        Here, by contrast, Wife's $3,000 contribution of her separate funds toward the 4Runner's down payment was not negligible as compared to Husband's $13,000 contribution of his separate funds. Further, the subsequent monthly payments were made with community property. That the 4Runner is titled only in Husband's name is not dispositive, since the "strong legal presumption that . . . property acquired during marriage is community property" applies "even though title is taken in the name of only one spouse." *Carroll v. Lee*, 148 Ariz. 10, 16 (1986). On this record, the court did not err in finding that Husband failed to present clear and convincing evidence to overcome the strong presumption that the 4Runner belonged to the marital community, nor did the court abuse its discretion in awarding Wife one-half of its value.

## II.        Ford F-350

¶14        Husband argues that the court erred in awarding Wife half the value of the F-350 because it was not community property but, instead, "an asset of Mason Medic," a business he owned before the marriage.

¶15        In the resolution management statement he filed at the beginning of the proceedings, Husband identified several vehicles that he considered to be separate property; he did not include the F-350. At trial,

Wife testified that the parties purchased the F-350, along with other assets, during the marriage. Husband did not dispute Wife's testimony on that point, nor did he deny that the F-350 was owned by the marital community. On the contrary, when asked by his counsel to identify the vehicles that were not community property, Husband identified only the 4Runner, admitting, "Everything else was purchased together."

**¶16** Although Husband testified that the F-350 belonged to Mason Medic, a company he owns, he said nothing about Mason Medic's form of organization. Not all businesses have an existence separate from their owners, and Husband did not testify that Mason Medic is a corporation or that it otherwise has an existence separate from its owner. *See State v. Ivanhoe*, 165 Ariz. 272, 274 (App. 1990) (concluding that the "defendant and his sole proprietorship are the same entity in fact and law").

**¶17** Because Husband did not argue at trial that the F-350 was non-marital property owned by a non-party to this case, he is not entitled to raise that argument for the first time on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."); *see also Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 476, ¶ 22 (App. 2014) ("We generally do not consider arguments and legal issues on appeal that have not been specifically presented to the superior court."). And because he identifies no other basis on which to challenge the court's determination that the F-350 was community property subject to equal division between the parties, Husband is not entitled to relief.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm the superior court's ruling. We award costs to Wife upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA