NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARIELA ELODIA CORNEJ DE SOCOP, *Petitioner/Appellee*,

*v.*

GENDRI NOE SOCOP, *Respondent/Appellant*.

No. 1 CA-CV 25-0004 FC

FILED 10-06-2025

Appeal from the Superior Court in Maricopa County
No. FC2023-004299
The Honorable Melissa Zabor, Judge

**AFFIRMED**

COUNSEL

Maria Elodia Cornej De Socop, Glendale
*Petitioner/Appellee*

Underwood Law Office, Phoenix
By Sonya E. Underwood
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**        Gendri Socop ("Father") appeals the superior court's dissolution decree and post-dissolution order.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Father married Mariela Socop ("Mother") in 1997.  Mother petitioned for divorce in July 2023.  They have three minor children.

**¶3**        After an evidentiary hearing in August 2024, the superior court entered a dissolution decree designating Mother the primary residential parent and awarding Father parenting time on alternate weekends.   The decree awarded Mother sole legal decision-making authority and spousal maintenance.  Father moved for relief from judgment under Arizona Rules of Family Law Procedure 83 and 85, which the superior court denied.

**¶4**        Father timely appealed.  We have jurisdiction.  A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**        Mother did not file an answering brief, which we could interpret as a confession of error, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014), but we reach the merits in the exercise of our discretion because the best interests of three children stand in the balance, *see Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) (the best interests of a child trumps the discretionary doctrine of waiver).

**¶6**        On appeal, Father challenged almost every aspect of the dissolution decree, including the superior court's rulings on legal decision making, parenting time, spousal maintenance, imputed income, and the division of assets and taxes.  We address each.

## I. Legal Decision Making and Parenting Time.

**¶7** We review the superior court's rulings on parenting time and legal decision-making for an abuse of discretion, *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022) (citations omitted), and will affirm those rulings if the record has substantial evidence in support, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (citations omitted). The court "shall determine legal decision-making and parenting time . . . in accordance with the best interests of the child" under the factors listed in A.R.S. § 25-403(A) and make specific findings on the record about the relevant factors. Failure to make these findings is an abuse of discretion. *Hurd*, 223 Ariz. at 51, ¶ 11 (citations omitted).

**¶8** We find no abuse of discretion. The superior court examined the relevant best interest factors under § 25-403(A) and made detailed findings as to each. The court designated Mother the primary caregiver because she enjoyed a great relationship with the children. Mother testified the kids wanted to stay with her, but Father testified the son wanted to stay with him. The court found Mother more credible, and we will not revisit that decision on appeal. *Yanez v. Sanchez*, 257 Ariz. 302, 308, ¶ 30 (App. 2024) ("We do not reweigh the evidence on appeal, but instead defer to the court's 'determinations of witness credibility.'") (citation omitted).

**¶9** The court found that joint legal decision-making was not possible because Mother and Father were incapable of cooperating. The record indicates that Mother and Father had dueling orders of protection against each other at one point, and Father refused to speak directly with Mother, communicating only through their adult son. Father argues the record contained no evidence of the cross orders of protection, but Father and Mother both testified about them.

## II. Spousal Maintenance.

**¶10** We review an award of spousal maintenance for an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014). We accept the superior court's factual findings unless they are clearly erroneous or unsupported by credible evidence. *Federoff v. Pioneer Title & Tr. Co. of Ariz.*, 166 Ariz. 383, 388 (1990). "We do not reweigh the evidence on appeal." *Andrews v. Andrews*, 252 Ariz. 415, 417, ¶ 7 (App. 2021) (citation omitted).

**¶11** Spousal maintenance is governed by A.R.S. § 25-319. The superior court determines whether a requesting spouse qualifies for maintenance under any one of § 25-319(A)'s five statutory requirements,

and then determines the amount and duration of the award under 13 factors catalogued in § 25-319(B). *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 15 (App. 1998).

**¶12** We find no abuse of discretion. The superior court found Mother eligible for spousal maintenance under three criteria: (1) she lacked earning capacity to be self-sufficient, (2) the marriage was "of long duration," and (3) she had significantly reduced her income or career opportunities for the benefit of the other spouse. *See* A.R.S. § 25-319(A)(2), (4), (5). Those findings are supported by reasonable evidence. Mother testified she was married for 27 years, cared for the house and children during the marriage, and is unemployed and unable to work legally in Arizona.

**¶13** Father argues that not all of § 25-319(A)'s statutory requirements were satisfied, noting Mother did not lack "sufficient property." A.R.S. § 25–319(A)(1). But spousal maintenance may be awarded when any one of the factors is present, *Gutierrez*, 193 Ariz. at 348, ¶ 17, and the court found Mother eligible under three of them. *See* A.R.S. § 25-319(A)(2), (4), (5).

### III. Imputed Income.

**¶14** Father next argues the superior court erred by imputing his income at $5,000 a month and Mother's at minimum wage. This is a factual finding we accept unless clearly erroneous or unsupported by credible evidence. *Federoff*, 166 Ariz. at 388.

**¶15** We discern no error because the imputed incomes are supported by credible evidence. Mother testified Father always made at least $5,000 per month, and the evidence at trial showed his business made $240,000 in profit in 2021 and $90,000 in 2022. Mother also testified she was unemployed and could not obtain legal employment in Arizona. *See* A.R.S. § 25-320(N) ("The court shall presume, in the absence of contrary testimony, that a parent is capable of full-time employment at least at the applicable state or federal adult minimum wage, whichever is higher.").

### IV. Pre-Petition Withdrawal, Contribution Towards Community Debt, 2023 Taxes, and Mother's Rental Income.

**¶16** Father made four more arguments, including that (1) he is entitled to compensation for Mother's pre-petition withdrawal from a joint bank account, (2) the court should have considered and reimbursed him for payments he made towards mortgages and community debt after the

dissolution decree was filed, (3) the court should have ordered the parties to file a joint tax return in 2023, and (4) Mother lied to the superior court about her employment. But Father did not raise these arguments at trial and thus waived them on appeal. *Azore, LLC v. Bassett*, 236 Ariz. 424, 426, ¶ 6 (App. 2014).

## CONCLUSION

¶**17** We affirm. Father's request for attorney fees on appeal is denied.

