NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CLARENCE HARVEY MYERS,[1] *Petitioner/Appellant,*

*v.*

GUOYU HUANG, *Respondent/Appellee.*

No. 1 CA-CV 25-0622 FC

FILED 05-28-2026

Appeal from the Superior Court in Maricopa County
No. FN2025-000169
The Honorable Melissa Zabor, Judge

**AFFIRMED**

PARTIES

Clarence Myers-Huang, Phoenix
*Petitioner/Appellant*

Guoyu Huang, Tempe
*Respondent/Appellee*

---

[1]     On the court's own motion, the caption is amended as set forth above to reflect the appellant's restored name.

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

**¶1**         Clarence Myers appeals from the decree dissolving his marriage to Guoyu Huang, challenging the award of spousal maintenance in favor of Huang.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Myers and Huang were married in April 2024.  Myers petitioned for dissolution in January 2025, less than one year later.  After an evidentiary hearing at which both Myers and Huang testified, the superior court entered a dissolution decree ordering Myers to pay Huang spousal maintenance of $1,000 per month for 6 months.  The decree also made Huang fully responsible for paying rent for the parties' once-shared apartment from January 2025 (when Huang ousted Myers from the property) through the end of the lease term.

**¶3**         Myers timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**         Myers challenges the spousal maintenance award, asserting that the court failed to consider or properly assess Huang's ability to support himself, the marriage's short duration, or the alleged financial hardship the award causes Myers.  We review the award for an abuse of discretion.  *See Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007).  We defer to the superior court's weighing of the evidence and assessment of witness credibility.  *Andrews v. Andrews*, 252 Ariz. 415, 417, ¶ 7 (App. 2021).  And because Myers did not provide a transcript of the dissolution trial, we presume that transcript would support the superior court's findings.  *See* ARCAP 11(c)(1)(A)–(B); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶5**         A party is eligible for spousal maintenance if the superior court finds the existence of any one of the grounds listed in A.R.S. § 25-319(A).  *See Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 11 (App. 2007); *see also*

Arizona Spousal Maintenance Guidelines, A.R.S. § 25-319 app. ("Guidelines") I.D. The court here found two such statutory grounds: that Huang lacked sufficient property to meet his own needs and temporarily lacked the earning capacity to be self-sufficient. *See* A.R.S. § 25-319(A)(1), (2). Specifically, the court found that Huang relied on public assistance for food and health insurance (although he had a car and some savings) and was not authorized to work in the United States (although he had applied for labor certification, a process he anticipated would take six months).

**¶6** Myers challenges the spousal maintenance eligibility decision, asserting that the court improperly ignored rental income that Huang receives from property he owns in China and Huang's voluntary choice not to work despite having the ability to do so. But Myers did not provide a transcript of the trial, so we presume the transcript would support the court's findings. *See Baker*, 183 Ariz. at 73. And to the extent Myers presented contrary evidence of Huang's actual or potential income, we defer to the superior court's resolution of evidentiary conflicts. *See Andrews*, 252 Ariz. at 417, ¶ 7.

**¶7** Once a spouse is found to be eligible for maintenance, the court calculates the appropriate duration and amount of an award (if any) under the Guidelines and considering the relevant factors in § 25-319(B). *See* Guidelines I.D; *see also Cullum*, 215 Ariz. at 355, ¶ 15. The Guidelines yield an amount range (based on family size, income, and expenditures) and a duration range (based on length of marriage and other factors). *See* Guidelines I.D (Step 1–4, Step 5), IV.B.2. The court then determines the appropriate amount (within the range, or outside the range by deviation) and duration to enable the receiving spouse to become self-sufficient. A.R.S. § 25-319(B); *see also* Guidelines I.D (Step 6), IV.C, V.C.

**¶8** Here, the superior court awarded Huang $1,000 per month for 6 months. Myers asserts that this award was excessive given the short (less than one year) duration of the marriage. But the court expressly acknowledged the length of the marriage and chose a duration on the lower end of the Guidelines' applicable standard range. *See* Guidelines IV.B.2.a.i. Moreover, the 6-month duration directly tracked the amount of time the court found Huang would need to secure work authorization and thereby become self-sufficient. *See* A.R.S. § 25-319(B), (B)(10); Guidelines IV.C.9.

**¶9** As to amount, Huang requested less than the low end of the Guidelines range, and the court's $1,000 per month award was significantly below the range calculated from the parties' actual income ($45,000 annually for Myers, $0 for Huang).

**¶10**      Myers asserts that the superior court should have attributed income to Huang because his unemployment was wholly voluntary. But the court found that Huang could not work because of his immigration status and that he was actively pursuing the certification necessary to resume working (a plan to which Myers had previously acquiesced)—all considerations that support the court's decision not to attribute income to Huang. *See* Guidelines III.B.2.a, .f. To the extent Myers claims Huang received rental income for which the court failed to account, absent a trial transcript, we presume the record supports the court's contrary findings. *Baker*, 183 Ariz. at 73.

**¶11**      Finally, Myers argues that the superior court improperly failed to consider whether he could afford to pay spousal maintenance, asserting that the obligation caused him financial hardship.[2] In determining a spousal maintenance award, the superior court must consider the spouses' comparative financial resources as well as the payor spouse's ability to meet his own needs. *See* A.R.S. § 25-319(B)(4)–(5); Guidelines IV.C.4–.5, V.C.4–.5. The court did so here, acknowledging Myers's limited earnings but expressly finding that he was capable of paying the spousal maintenance award. Again, absent a trial transcript, we presume the evidence supports those findings. *Baker*, 183 Ariz. at 73.

**CONCLUSION**

**¶12**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

---

[2]      Myers also asserts that the spousal maintenance award caused him housing instability because he remains on the lease and is liable to pay rent for the parties' once-shared apartment. The decree, however, made Huang (not Myers) 100% responsible for the apartment lease and rent obligation.